UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 15-154 |
| ALONZO PETERS | SECTION A (3) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1520)** filed by federal prisoner Alonzo Peters.

**I.**

On June 12, 2015, a grand jury in the Eastern District of Louisiana returned a 45 count Indictment against defendants Leroy Price, Ashton Price, Alonzo Peters, Jasmine Perry, McCoy Walker, Terrioues Owney, Evans Lewis, Curtis Neville, Rico Jackson, Tyrone Knockum, Solomon Doyle, Washington McCaskill, and Damian Barnes. On April 29, 2016, a grand jury in the Eastern District of Louisiana returned a 47 count Superseding Indictment against Defendants. (Rec. Doc. 361).

Trial commenced on January 9, 2017, and the presentation of evidence lasted about six weeks. Jackson, Knockum, and McCaskill testified as cooperating witnesses. The jury began its deliberations on February 14, 2017. On February 21, 2017, the jury returned its verdict finding each of the defendants guilty as to certain counts; many were acquitted as to other counts.

The jury convicted Peters on three counts. Peters was found guilty of the Count 1 RICO conspiracy, the Count 2 drug conspiracy, and the Count 3 firearms conspiracy.

(Rec. Doc. 1005, Peters Verdict Form). The conviction on the Count 2 drug conspiracy resulted in a life sentence for Peters. (Rec. Doc. 1212, Judgment).

Peters moved for judgment of acquittal and/or new trial (Rec. Doc. 1033) contending that the evidence was insufficient to establish that he was part of the specific, larger conspiracies charged in the indictment, and responsible for the drug quantities attributed to him, that there was insufficient evidence from which the jury could infer that Peters knew or should have known of the massive drug quantities underlying the Count 2 drug conspiracy, and that he was prejudiced by the Court's denial of his request for a severance.

After Peters and the other defendants had been convicted and had filed their motions for acquittal and/or new trial, a letter surfaced that Washington McCaskill had written to Orleans Parish Assistant District Attorney Alex Calenda, in which McCaskill characterized "our Federal Case" as "all made up lies." All of the defendants, including Peters, moved for an evidentiary hearing (Rec. Doc. 1138) based on the letter. Ultimately, the motion for judgment of acquittal and new trial filed by Peters was denied with extensive reasons provided. (Rec. Doc. 1163, Order and Reasons).

Peters appealed and on appeal the Fifth Circuit affirmed Peters' judgment except for the conviction involving § 924, which was Count 3.[1] *See United States v. Perry*, 35

---

[1] 18 U.S.C. § 924(c) provides heightened terms of imprisonment when a firearm is used during and in relation to or in furtherance of a crime of violence or drug trafficking crime. In *United States v. McClaren*, 13 F.4th 386, 412–14 (5th Cir. 2021), which was decided while Perry's case was on appeal, the Fifth Circuit held that aggravated RICO conspiracies could not constitute crimes of violence for purposes of 18 U.S.C. § 924(c). Because the jury could have convicted Peters on the § 924 counts by relying on the aggravated RICO conspiracy predicate, the Fifth Circuit vacated the convictions on those counts only and remanded for further proceedings. *See Perry*, 35 F.4th at 342 (citing *United States v. Jones*, 935 F.3d 266, 272–74 (5th Cir. 2019)).

F.4th 293, 341–42, 353 (5th Cir. 2022). The appellate court remanded for further proceedings. *Id.* at 353. The Supreme Court denied Peters' petition for a writ of certiorari. *Peters v. United States*, 143 S. Ct. 462 (Nov. 21, 2022); *see also* Rec. Doc. 1495 (Letter from Supreme Court of the United States).

On remand, this Court amended Peters' judgment to conform with the Fifth Circuit's decision. (Rec. Doc. 1488). The Court vacated the 235 month concurrent sentence that it had imposed for the count vacated by the Fifth Circuit. (Rec. Doc. 1488 at 3).

## II.

Peters asserts two grounds for relief in his § 2255 motion, which the Government acknowledges is timely.[2] (Rec. Doc. 1560, Opposition at 3). Both grounds relate to the allegation that Peters was denied ineffective assistance of counsel on appeal.[3]

Ground One is that Peters received ineffective assistance of counsel on appeal because his attorney did not challenge the sufficiency of the evidence supporting the

---

[2] Section 2255 of Title 28 allows a prisoner in custody pursuant to a federal sentence to move the court that imposed the sentence to vacate, set aside or correct the sentence upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A one-year period of limitation applies to such a motion, and that one-year limitation period runs from the latest of 1) the date on which the judgment of conviction becomes final; 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

[3] Peters was represented on appeal by Nisha Sandhu.

drug quantity attributed to him in the Count 2 drug conspiracy. Ground Two is that Peters received ineffective assistance of counsel on appeal because the Court erred in imposing a mandatory life sentence on Count 2 yet his appellate attorney did not raise the issue on appeal.

The Government's position is that Peters cannot demonstrate either deficient performance or prejudice on either of his ineffective assistance of counsel claims because both grounds are based on the incorrect legal premise that his sentence should have been based on the drug quantities with which he was directly involved or that he personally handled, rather than the much larger quantities attributable to the overall Count 2 conspiracy.

Ineffective assistance of counsel claims are governed by the Supreme Court's standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). *Rice v. United States*, No. 09CR107, 2015 WL 4911667, at *3 (E.D. Tex. Aug. 17, 2015). *Strickland* provides a two-pronged standard, and a petitioner bears the burden of proving both prongs. *Id.* (citing *Strickland*, 466 U.S. at 687). Under the first prong, the petitioner must show that counsel's performance was deficient. *Id.* To establish deficient performance, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Id.* (citing *Strickland*, 466 U.S. at 688). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* (citing *Strickland*, 466 U.S. at 690).

Under the second prong, a petitioner must show that his attorney's deficient performance resulted in prejudice. *Id.* (citing *Strickland*, 466 U.S. at 687). To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

An ineffective assistance of counsel claim fails if the petitioner cannot satisfy either the deficient performance or prejudice prong; a court need not evaluate both if the petitioner makes an insufficient showing as to either. *Rice*, 2015 WL 4911667, at 3 (citing *Strickland*, 466 U.S. at 697). The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Id.* (citing *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001)); *Henderson v. Quarterman*, 460 F.3d 654, 665 (5th Cir. 2006) (citing *Busby v. Dretke*, 359 F.3d 708, 714 (5th Cir. 2004)).

### III.

In response to the Government's opposition, Peters stresses that his argument is not that the evidence was insufficient to convict him on Count 2—indeed, the Fifth Circuit rejected this argument on appeal after expressly noting that Peters had offered the most developed individualized argument on sufficiency of the evidence, *Perry*, 35 F.4th at 320. And Peters' argument is not that the evidence presented at trial was insufficient to establish the conspiracy-wide drug quantities found by the jury. Rather, Peters' argument is that it was legal error for the Court to impose a mandatory minimum sentence—in this case life—based on the conspiracy-wide drug quantity rather than the much lesser quantity of drugs attributable solely to him. Peters' contention is that his

appellate counsel rendered deficient performance for failing to raise this issue on appeal, and he was prejudiced as a result because the issue would have had merit and resulted in a vacatur of his life sentence.

After the jury found Peters guilty on the Count 2 drug conspiracy, in response to two follow-up interrogatories, the jury unanimously found that 1 kilogram or more of heroin was a result of Peters' own direct conduct *and/or the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy*. (Rec. Doc. 1005, Verdict Form at 2). Similarly, the jury unanimously found that 280 grams or more of cocaine base was a result of Peters' own direct conduct *and/or the reasonably foreseeable conduct of his co-conspirators in furtherance of the conspiracy*. (Rec. Doc. 1005, Verdict Form at 3). For purposes of the Sentencing Guidelines *or for determining statutory minimum and maximum sentences*, the Fifth Circuit has always limited the defendant's liability to the quantity of drugs with which he was directly involved *or that was reasonably foreseeable to him*. *United States v. Haines*, 803 F.3d 713, 740 (5th Cir. 2015). For a sentencing court to attribute to a defendant a certain quantity of drugs, the jury (rather than the court) must determine "the amount which each defendant knew or should have known was involved in the conspiracy." *Id.* (citing *United States v. Quiroz-Hernandez*, 48 F.3d 858, 870 (5th Cir. 1995); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *Alleyne v. United States*, 570 U.S. 99 (2013)).

Peters fails to recognize that the statutorily mandated life sentence that he received was driven by his prior drug convictions. *See* 21 U.S.C. § 841(b). Absent those prior drug convictions the mandatory minimum sentence for Count 2 based on the drug quantity that the jury attributed to Peters would have been 10 years. *See id.* Peters'

appellate counsel did not render deficient performance by failing to raise an argument that is legally flawed.[4]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 1520)** filed by federal prisoner Alonzo Peters is **DENIED**.

January 27, 2025

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that effective December 21, 2018, in the First Step Act Congress amended 21 U.S.C. § 841(b) to reduce the mandatory term of life imprisonment to a 25-year minimum sentence when the offender has two or more prior drug convictions. Pub. L. 115-391, § 401. The amendment did apply to offenses committed before the date of enactment "if a sentence for the offense has not been imposed as of such date of enactment." Peters was sentenced on July 24, 2017, so unfortunately he did not benefit from the change in the law. (Rec. Doc. 1212, Judgment).